# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 18, 2013

## JOHNNY LYNN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Perry County**
**No. 2010-CR-35     Timothy Easter, Judge**

---

**No. M2012-01877-CCA-R3-PC - Filed September 18, 2013**

---

The Petitioner, Johnny Lynn, appeals the Perry County Circuit Court's denial of his petition for post-conviction relief from his convictions for two counts of rape of a child and two counts of aggravated sexual battery and resulting effective sentence of fifty-four years to be served at 100%. On appeal, the Petitioner contends that he received the ineffective assistance of counsel because trial counsel failed to advise him of his right to waive ex post facto protections and be sentenced pursuant to the 2005 amendments to the Tennessee Sentencing Reform Act of 1989. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Kenneth D. Quillen and Dale M. Quillen, Nashville, Tennessee, for the appellant, Johnny Lynn.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Kim R. Helper, District Attorney General; and Stacey B. Edmonson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I.  Factual Background

In August 2007, the Petitioner was tried in the Perry County Circuit Court for two counts of rape of a child and two counts of aggravated sexual battery. We glean the following relevant facts at trial from this court's opinion of the Petitioner's direct appeal of

his convictions: The then sixteen-year-old victim testified that in 2001 or 2002, when she was ten or eleven years old, she would visit her grandmother and the Petitioner, who were married, on weekends. State v. Johnny Lynn, No. M2008-00532-CCA-R3-CD, 2009 Tenn. Crim. App. LEXIS 489, at ** 2-3 (Nashville, June 25, 2009). On one occasion, the Petitioner used his hand to rub the victim on the outside of her clothing between her legs and on her chest. Id. at *3. On another occasion, the victim was lying on the Petitioner's bed and was wearing a t-shirt but no "bottoms" when the Petitioner ejaculated on her stomach and "'licked it off.'" Id. at **3-4. On a third occasion, the Petitioner inserted his penis into her vagina, ejaculated, and "'licked it out'" with his tongue. Id. at *4. The Petitioner also took photographs of the victim, and she identified two photographs for the jury showing the Petitioner inserting his penis into her vagina. Id. The victim did not tell anyone about the abuse immediately because the Petitioner threatened to kill her. Id. However, at some point, the victim told her older sister, who told their mother. Id. A physical examination of the victim in 2002 did not reveal any abnormal findings, and the victim did not tell the examiner that the Petitioner had penetrated her. Id. at **4-5. The Petitioner testified on his own behalf that his ex-wife, the victim's grandmother, had coached the victim into making the allegations and denied sexually abusing the victim. Id. at *6. The jury convicted him as charged. Id. at *7.

This court gave the following factual account of the Petitioner's sentencing hearing:

> At the time of the sentencing hearing, the Defendant was sixty-one years old. He had completed high school, had been married ten times, and had fathered three children. The Defendant was self-employed most of his life, working as a musician. He also worked periodically as a truck driver. The presentence report reflects that the Defendant's criminal history includes convictions for felony failure to support, possession of a prohibited weapon, and embezzlement. It also appears in the report that the Defendant was guilty of bigamy: the marriage between the Defendant and the victim's grandmother was annulled due to the fact that the Defendant was still married to another woman. He also denied any wrongdoing, claiming that the victim's grandmother was seeking to destroy him. At the sentencing hearing, the Defendant affirmed that he was convicted of automobile theft as a juvenile and that he had previously violated parole. He also believed he was convicted because his attorneys conspired against him.

Id. at **22-23.

The trial court applied enhancement factor (1) to the Petitioner's sentences for his history of criminal convictions and gave the factor "significant weight." Id. at **23-24. The court refused to apply any mitigating factors. Id. at *24. The trial court sentenced the Petitioner to twenty-two years for each rape of a child conviction, a Class A felony, and ten years for each aggravated sexual battery conviction, a Class B felony. See id. at *8. The trial court ordered that the Petitioner serve the twenty-two-year sentences consecutively to each other, that he serve the ten-year sentences concurrently with each other, and that he serve the effective ten-year sentence consecutively to the twenty-two-year sentences for a total effective sentence of fifty-four years at 100%. Id.

After this court affirmed the Petitioner's convictions and sentences, the Petitioner filed a timely pro se petition for post-conviction relief, claiming that he received the ineffective assistance of trial counsel. The post-conviction court appointed counsel, and counsel filed an amended petition, claiming, in pertinent part, that the Petitioner received the ineffective assistance of counsel because trial counsel failed to have him execute a waiver of ex post facto protections so that he could be sentenced pursuant to the 2005 amendments to the Sentencing Act. As a result, his presumptive sentences for the rape of a child convictions were twenty years rather than fifteen years.

At the evidentiary hearing, trial counsel testified relevant to this appeal that she was appointed to represent the Petitioner in 2005, that the Petitioner went to trial in August 2007, and that the jury found him guilty. Counsel acknowledged that she did not elect to have the trial court sentence the Petitioner under the 2005 amendments to the Sentencing Act. She said that the offenses occurred before 2005 but that the Petitioner was sentenced after 2005, "so . . . there was a little confusion." Pursuant to the amendments, the Petitioner's presumptive sentence for the Class A felony conviction would have been fifteen years instead of twenty years. Counsel stated, "I did make an error." However, she said the trial court "could have found many more enhancement factors." On cross-examination, trial counsel testified that she was appointed to represent the Petitioner and that the Petitioner told the trial court at sentencing that he was very pleased with counsel's representation.

The State introduced the trial and sentencing hearing transcripts into evidence, and the post-conviction court, who did not preside over the Petitioner's trial, informed the parties that he was going to review both of them. Subsequently, in a written order, the post-conviction court denied the petition for post-conviction relief. In the order, the court noted that because the Petitioner did not waive ex post facto protections and agree to be sentenced under the 2005 amendments to the Sentencing Act, the trial court only applied enhancement factor (1) to the Petitioner's sentences pursuant to Blakely v. Washington, 542 U.S. 296 (2004). The post-conviction court also noted that the State had argued at the sentencing hearing that six additional enhancement factors were applicable, and the post-conviction

court concluded that the State had established three of the factors: (7), that the "offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement," (8), that the "defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community," and (14), that the "defendant abused a position of public or private trust." See Tenn. Code Ann. § 40-35-114(7), (8), (14). In addition, the post-conviction court noted that the trial court had described the Petitioner at sentencing as "'totally lacking in credibility' with 'no potential for rehabilitation'"; that his conduct was "'troubling,' 'abhorrent,' and 'something which society should not tolerate'"; and that his photographing the abuse "'further aggrieves this Court.'" Thus, the post-conviction court concluded that the Petitioner would have received a lengthier sentence under the 2005 amendments to the Sentencing Act and was not entitled to relief.

## II. Analysis

The Petitioner contends that he received the ineffective assistance of counsel because, had trial counsel informed him of his right to be sentenced under the 2005 amendments to the Sentencing Act, "[i]t seems likely" that he would have received seventeen-year sentences for the rape of a child convictions, resulting in a total effective sentence of forty-four years. The State argues that the Petitioner has failed to established that he received the ineffective assistance of counsel. We agree with the State.

To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

Turning to the instant case, we initially note that the Petitioner did not testify at the evidentiary hearing and, therefore, never stated that he would have waived his ex post facto protections and agreed to be sentenced pursuant to the 2005 amendments to the Sentencing Act. In any event, the post-conviction court reviewed the trial and sentencing hearing transcripts and concluded that three additional enhancement factors were applicable to the Petitioner's sentences. The Petitioner does not contest that conclusion. The post-conviction court also concluded that the trial court's negative comments concerning the Petitioner's character and lack of potential for rehabilitation would have resulted in a lengthier sentence. Therefore, the post-conviction court found that although trial counsel "demonstrate[d] some level of deficiency," the Petitioner failed to established prejudice. We agree with the post-conviction court and affirm the denial of the petition for post-conviction relief.

### III. Conclusion

Based upon the record and the parties' briefs, the judgment of the post-conviction court is affirmed.

_____
NORMA McGEE OGLE, JUDGE